COHEN, LEDER MONTALBANO
& CONNAUGHTON, L.L.C.
669 River Drive, Suite 125
Elmwood Park, New Jersey 07407
(908) 298-8800
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | |
|---|---|
| BOARD OF TRUSTEES OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 945 PENSION FUND, <br><br> Plaintiff, <br><br> vs. <br><br> AAC BUILDERS CARTING, LLC, <br><br> Defendant. | Civil Action <br><br> Docket No. <br><br><br> **COMPLAINT** |

Plaintiff, the Board of Trustees of the International Brotherhood of Teamsters, Local 945 Pension Fund (hereinafter the "Pension Fund") by way of Complaint against the Defendant, AAC Builders Carting, LLC ("AAC Carting") hereby states:

### STATEMENT OF THE CASE

1. This action is commenced to recover the withdrawal liability calculated in accordance with 29 U.S.C. §1381 incurred by AAC Carting when in Plan Year ending December 31, 2012, when it ceased having an obligation to contribute to the Pension Fund or permanently ceased all covered operations under the Plan, resulting in AAC Carting no longer being a contributing employer to the Pension Fund.

1

2. Defendant AAC Carting is liable for the withdrawal liability owed to the Pension Fund pursuant to the EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 ("ERISA") 29 U.S.C. §1001 et seq., specifically 29 U.S.C. §§ 1381(a), 1451(a) and 1451(c).

## JURISDICTION

3. This Court has subject matter jurisdiction over these claims under 28 U.S.C. § 1331, as Plaintiff's claims arise under ERISA, [29 U.S.C. §1132(a)(1), 29 U.S.C. § 1332(a)(3), 29 U.S.C. §1132(e)(1) and 29 U.S.C. § 1451(c). This Court has subject matter jurisdiction over all ERISA claims, in accordance with 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over the Defendant pursuant to ERISA, 29 U.S.C. § 1132(e)(2), as the Defendant has established the minimum contacts with the State of New Jersey, and does business in the State of New Jersey.

## VENUE

5. Venue is properly laid pursuant to 28 U.S.C. §§ 1391(a)(2) and (b)(2), and pursuant to 29 U.S.C. §§1132(e)(2) and 1451(d) since Defendant conducted business in this judicial district and a substantial portion of the conduct and events underlying Plaintiff's claims occurred within the territorial jurisdiction of this Court. Venue is also properly laid as this is the district where the Pension Fund is administered.

6. In accordance with 29 U.S.C. §1451(g), Plaintiff will serve the Pension Benefits Guarantee Corporation (hereinafter "PBGC") with a copy of this complaint.

**The Plaintiff**

7. Plaintiff, the Board of Trustees of the International Brotherhood of Teamsters (IBT), Local 945 Pension Fund ("Pension Fund"), is comprised of Trustees who are fiduciaries as defined by ERISA, 29 U.S.C. §§1002(14)(A) and 1102.

8. The Pension Fund is a multi-employer employee benefit plan as defined in ERISA and administered pursuant to ERISA, 29 U.S.C. Section 1001, *et. seq.* The principal place of business of the Pension Fund is 585 Hamburg Turnpike, Wayne, NJ 07470. The Pension Fund is maintained pursuant to a Separate Amended Agreement and Declaration of Trust.

9. Pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(b), the Board of Trustees of the Pension Fund is authorized to bring an action on behalf of the Plan, its participants and beneficiaries to recover unpaid and delinquent contributions and assets of the Pension Fund. In accordance with 29 U.S.C. §1401(d), the failure of AAC Carting to make timely payments to the Pension Fund constitutes a failure to make a contribution required under the Pension Plan within the meaning of 29 U.S.C. §1145.

10. Non-party to this action, Local Union 945, IBT and its successor, Local Union 125, IBT and AAC Carting were parties to a collective bargaining agreement which created obligation to participate and contribute to the Pension Fund on its employees' behalf.

11. Non-party to this action, Local Union 945, IBT was succeeded by non-party Local Union 125, IBT, who was the sole and exclusive bargaining representative for a group of employees formerly employed by AAC Carting.

**The Defendants**

12. AAC Carting is organized and registered as a domestic business corporation incorporated in the State of New Jersey. At all times relevant to this action, AAC Carting maintained its place of business at 147 West 3rd Street, Bayonne, NJ 07002.

13. Upon information and belief, the Defendant has not filed for protection under the U.S. Bankruptcy Code.

14. AAC Carting is New Jersey corporation which at all times relevant to this proceeding was

licensed to do business within the State of New Jersey, employed Local 945 bargaining unit employees, and thus made and/or was obligated to make contributions to the Pension Fund on behalf of its employees.

## FACTUAL BACKGROUND

15. At all times relevant to this action, AAC Carting has been an "Employer" within the meaning of ERISA, 29 U.S.C. 1002(5). Non-party to this action, Local Union 945, International Brotherhood of Teamsters was signatory to a collective bargaining agreement with AAC Carting.

16. In Plan Year ending December 31, 2012, AAC Carting withdrew from the Pension Fund and on May 17, 2013, was assessed withdrawal liability in the amount of $83,302. On or about May 17, 2013, counsel to the Pension Fund issued a Notice of Withdrawal and advised AAC Carting of its withdrawal liability, requiring AAC Carting to make eighty (80) quarterly installment payments in the amount of $1050 to the Pension Fund commencing sixty (60) days from receipt of the Notice.

17. AAC Carting failed to make any installment payments in a timely fashion.

18. Despite multiple letters from Fund counsel over a series of years, AAC Carting has failed to make any of the required withdrawal liability payments.

19. By way of a letter dated April 14, 2014, legal counsel advised that if payment was not received within thirty (30) days, payments would be accelerated and the Pension Fund seek the entire withdrawal liability amount of $83,302. AAC Carting failed to respond to this letter ad failed to make any of the required payments.

20. AAC Carting has failed to make any installment payments and now the entire withdrawal liability amount of $83,302 is due and owing, plus penalty interest, liquidated damages.

## FIRST COUNT-WITHDRAWAL LIABILITY

21. Plaintiffs repeat each and every allegation contained in paragraphs 1 through 20 as if set forth in full herein.

22. By virtue of the parties' CBA, AAC Carting was obligated to participate in and contribute, and did participate and make contributions, to the Pension Fund for all hours bargaining unit employees performed bargaining unit work.

23. On or about December 31, 2012, AAC Carting withdrew from the Pension Fund.

24. The permanent cessation of its obligation to contribute to the Pension Fund constituted a "complete withdrawal" as a contributing employer from the Fund, within the meaning of ERISA, 29 U.S.C. § 1383(a)(1).

25. By completely withdrawing from the Pension Fund, AAC Carting incurred withdrawal liability to the Fund pursuant to ERISA, 29 U.S.C. § 1381.

26. The Pension Fund issued a Notice of Withdrawal on or about May 17, 2013, which required AAC Carting to make eighty (80) quarterly installment payments in the amount of $1050 to the Pension Fund commencing .

27. On April 14, 2014, the Fund advised AAC Carting that it had failed to pay any withdrawal liability payments and that failure to do within thirty (30) days would result in litigation to collect the withdrawal liability.

28. To date, more than sixty days have elapsed and AAC Carting remains delinquent on its installment payments.

29. As a result of this delinquency, AAC Carting owes the accelerated withdrawal liability assessment amount of $83,302 plus $68,507.92 in delinquency penalty interest of 15%, and $16,660.40 in liquidated damages of 20% on the principal delinquent amount owed.

30. To date, the Pension Fund has not received any installment payments from AAC Carting.

31. Pursuant to ERISA, 29 U.S.C. § 1399(c)(5), AAC Carting being in default, the Fund has accelerated AAC Carting withdrawal liability payment.

32. As a result of AAC Carting's default and failure to cure, the entire withdrawal liability amount has become accelerated and AAC Carting owes $83,302.

33. At no time relevant to the within matter did AAC Carting request that the Pension Fund conduct a review the withdrawal liability assessment.

34. AAC Carting did not request, within the statutory period provided, arbitration to challenge the Pension Fund's assessment of withdrawal liability or to challenge the amount of withdrawal liability assessed.

**WHEREFORE**, Plaintiff, Board of Trustees of the International Brotherhood of Teamsters, Local 945 Pension Fund demands judgment against Defendants AAC Carting as follows:

    A.    Ordering the Defendants to pay to Plaintiff, Pension Fund, $83,302 plus $68,507.92 in delinquency penalty interest of 15%, and $16,660.40 in liquidated damages of 20% on the principal delinquent amount owed; for a total amount due of $168,470.32.

    B. Ordering the Defendants to pay post-judgment interest;

    C. Ordering the Defendants to pay court costs and attorney's fees incurred in connection with this action; and

    D. Granting to Plaintiffs such further relief as the Court deems just and proper.

Dated: 11/20/18

_Brady M. Connaughton_
Brady M. Connaughton, Esq.

COHEN, LEDER, MONTALBANO
& CONNAUGHTON, L.L.C.
669 River Drive, Suite 125
Elmwood Park, New Jersey 07407
908-298-8800
*Attorneys for Plaintiff*